LUCERO, J.,
dissenting.
Because I find this case indistinguishable from United States v. Wood, 106 F.3d 942 (10th Cir.1997), I respectfully dissent.
The district court found reasonable suspicion based on the following facts: (1) Heffernan flew from Los Angeles to Detroit and rented a car to drive back; (2) Such travel plans are used by drug couriers; (3) Interstate 70 is a known drug route; (4) Los Angeles is a known drug source; (5) Heffernan was nervous and his hands were shaking; (6) The car rental agreement indicated that the car was to be returned in Detroit, but Heffernan said he was going to return it in Los Angeles; and (7) Heffernan had been arrested previously on a drug charge.
In Wood, this Court found no reasonable suspicion in an essentially identical scenario. Terry Wood was stopped by a Kansas Highway Patrol trooper while traveling on Interstate 70. 106 F.3d at 944. He was extremely nervous — his breathing was rapid and his hands were trembling. Id. Wood indicated that he had flown from Topeka to Sacramento for a vacation and decided to rent a car to drive back. Id. Although the agreement stated that the car was rented and due to be returned in Sacramento, Wood said that he rented it in San Francisco and was to return it in Topeka. Id. The trooper ran a criminal background check and found that Wood had been previously arrested on a felony narcotics charge. Id. At that point the trooper initiated the non-consensual canine *657 search that we determined was unconstitutional. Id. At trial, the trooper also testified that California was a known source state for narcotics. Id. at 947.
Trooper Rule’s testimony that Interstate 70 is a drug route and that drug smugglers frequently fly one way and return by car does not distinguish the present case from Wood. It was not the factual finding that Wood’s plans were “unlikely or implausible” that the Wood panel rejected, rather it was the legal conclusion that such travel plans provided reasonable suspicion under the circumstances. Id. at 946-47 (“We disagree with the district court’s legal conclusion that Mr. Wood’s travel plans were the sort of unusual plans which give rise to reasonable suspicion of criminal activity.”).
Similarly, the fact that Trooper Rule had a drug dog with him, making the stop much shorter, is immaterial. The length of the stop is not relevant in determining whether reasonable suspicion existed at the inception of the detention. See Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (“[I]n determining whether the seizure and search were ‘unreasonable’ our inquiry is a dual one-whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.”).
For these reasons, I respectfully dissent.